UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------:
                              : 06 Civ. 7173 (RJH)(JCF)
MITCHELL TEXIDOR,             :
                              :
            Petitioner,       :    REPORT AND
                              :    RECOMMENDATION
    - against-                :
                              :
DANIEL ARTUS,                 :
                              :
            Respondent.       :
------------------------------:

TO THE HONORABLE RICHARD J. HOLWELL, U.S.D.J.:

    Mitchell Texidor petitions for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254, challenging his conviction for
burglary, attempted sexual abuse, and assault following a jury
trial in New York State Supreme Court, New York County.  Mr.
Texidor argues that the trial court's Allen charge deprived him of
his constitutional right to due process.  Mr. Texidor's claim has
been exhausted in the New York State courts and was timely filed.
However, because the claim is procedurally defaulted in part and is
otherwise without merit, the petition should be denied.

Background

    Mr. Texidor was tried on eight charges related to three
incidents, the first occurring on September 2, 2000, the second on
November 6, 2000, and the third on November 13, 2000.  The victim
in the first incident, whose name will be withheld to protect her
privacy, lived in a single room occupancy building.  Her husband
lived in a separate room on the same floor.  (Tr. at 62-64).[1]  At
trial, the victim testified that when she went to bed on the night

---

[1] "Tr." refers to the trial transcript.

of September 1, 2000, she left her door open because her husband had diabetes and sometimes came into her room to get a soda when he needed to raise his blood sugar level. (Tr. at 69-70). At approximately 5:30 a.m. the next morning, she awoke to find Mr. Texidor pulling off her quilt, and she saw the petitioner, naked from the waist down, standing one or two feet away from her. (Tr. at 75). She screamed for her husband, whom she called "J.R." The petitioner then covered her mouth with his hand and said, "Forget about J.R." (Tr. at 78). When the victim attempted to call 911, the petitioner left the room. (Tr. at 83). The victim's husband testified that he was awoken by his wife's screams and went into the hallway where he encountered his wife and the petitioner. (Tr. at 500-01).

On November 6, 2000, Mr. Texidor was staying at the apartment of Julia Roman. (Tr. at 147-50). That morning, the petitioner allegedly touched the breast of Ms. Roman's home attendant (Tr. at 152), as a result of which Ms. Roman's son told the petitioner to leave the apartment and not to come back. (Tr. at 354).

However, on November 13, 2000, Mr. Texidor returned to Ms. Roman's apartment. (Tr. at 232-33). When Ms. Roman refused to open the door, the petitioner attempted to push inside. (Tr. at 357). Ms. Roman's neighbor, Juan Carlos Gonzales, testified that when he stepped into the hallway, the petitioner punched him in the face, breaking his false teeth and cutting his mouth. (Tr. at 359, 364).

A. <u>The Allen Charge</u>[2]

On May 14, 2000, Mr. Texidor was tried before Justice Budd G. Goodman and a jury on eight charges.  With respect to the September 2, 2000 incident, the petitioner was charged with Burglary in the Second Degree, Attempted Rape in the First Degree, and Attempted Sexual Abuse in the First Degree.  With respect to the events of November 6 and 13, 2000, he was charged with Sexual Abuse in the Third Degree, Burglary in the Second Degree, Assault in the Second and Third Degrees, and Attempted Assault in the Third Degree. Before the jury retired to deliberate, Justice Goodman gave them the following instruction:

> Remember, it's the duty of each and everyone of you while the jury is deliberating, you must not refuse to listen to a fellow juror.  You must not stand upon your original position.  You must discuss this case together you must compare views and reason but before you arrive at your ultimate verdict each and everyone of you must be satisfied in your mind, your own conscious [sic].

(Tr. at 807).  At 6 p.m. that evening, the jurors sent Justice Goodman a note indicating that they were deadlocked. The following morning, he instructed the jury:

> All right, ladies and gentlemen, I received your last note about we cannot agree upon a verdict.
>
> I am going to ask you to listen very carefully to the following instruction. According to my calculations, you only deliberated for about 4 hours at this time and up to this point. Of course your deliberations are appreciated.
>
> However, both the People and the Defense in this case have worked long and hard to present this matter to you for your determination.   Much  preparation  and  effort  has  been

---

[2]   An <u>Allen</u> charge is a supplemental instruction given to a deadlocked jury pursuant to <u>Allen v. United States</u>, 164 U.S. 492 (1896), to remind jurors about the importance of obtaining a verdict and encouraging jurors to listen to each other's arguments.

involved in his presentation.  The Court has worked hard to
ensure that you can analyze the evidence properly and apply
the law to the facts.

Both parties are anxious that this case be resolved, if
possible, and as yet the deliberations have certainly not
been extensive.  I, therefore, ask you, once again, to go
back into the jury room, analyze the evidence
conscientiously, listen and remain open to the argument and
views of your fellow jurors.

If you require any further testimony read back, of course,
it will be done. If you need any instructions, legal
instructions read back, that will be done. If you need to
see any of the exhibits again. That will be done.

I ask all of you to return to the jury room to do all that
is reasonably possible to reach a verdict.  Because, as you
know, it only means, worse comes to worse, this case will be
tried again and we would not like to subject all the people
to that if possible.

(Tr. at 832-833).   Mr. Texidor's attorney objected to the
instructions and requested a mistrial on the ground that telling the
jury that another trial would occur if a verdict was not reached
"poisoned the jury proceedings." (Tr. at 834).  The jury returned
a verdict two and one-half hours after the <u>Allen</u> charge was given,
finding Mr. Texidor guilty on three of the eight charges:  second
degree burglary, attempted first degree sexual abuse, and third
degree assault.  On June 20, 2002, the petitioner was sentenced to
a determinate prison term of fourteen years.  (Respondent's
Memorandum of Law in Opposition to Petition for a Writ of Habeas
Corpus at 1).

B. <u>Procedural History</u>

On appeal to the Appellate Division, First Department,
petitioner's counsel claimed that the <u>Allen</u> charge was flawed in two
respects.  First, he reiterated the argument on which he had based
his objection at trial:  that the mention of a retrial tainted the

4

jury proceedings.  Second, he argued for the first time that the judge failed to include any explicit cautionary language to the effect that the jurors should not reach a verdict by compromising any conscientiously held beliefs.  (Brief for Defendant-Appellant ("Pet. App. Brief"), attached as Exh. A to Declaration of Thomas B. Litsky dated April 16, 2007 ("Litsky Decl."), at 23-24).  Since petitioner's counsel had not objected on this second ground during the trial, the petitioner requested that the Appellate Division entertain that argument either by finding his trial counsel ineffective or in the interest of justice.  (Pet. App. Brief at 24).

The Appellate Division held that the lower court's "brief and innocuous reference, in its _Allen_ charge, to the need to retry the case if the jury did not reach a verdict, was not coercive under the circumstances." _People v. Texidor_, 22 A.D.3d 320, 321, 801 N.Y.S.2d 743, 743 (1st Dep't 2005).  The court further held that Mr. Texidor's "remaining complaints about the _Allen_ charge are unpreserved" and declined to review them in the interest of justice. _Id._ at 321, 801 N.Y.S.2d at 743.  On November 29, 2005, the New York Court of Appeals denied leave to appeal.  _People v. Texidor_, 5 N.Y.3d 885, 808 N.Y.S.2d 588 (2005).

Mr. Texidor filed his petition for a writ of habeas corpus on September 5, 2006, alleging only that the trial court's _Allen_ charge violated his right to due process.  That claim was fully exhausted on direct appeal.  In a letter to the Court dated September 29, 2006, Mr. Texidor requested a stay of the habeas proceedings to permit him to exhaust an ineffective assistance of counsel claim by

filing a petition for a writ of error <u>coram</u> <u>nobis</u> in state court. Because I could not determine from Mr. Texidor's brief letter application whether a stay should be granted, I denied the application without prejudice.

On October 27, 2006, Mr. Texidor filed an application for a writ of error <u>coram</u> <u>nobis</u> with the Appellate Division, alleging ineffective assistance of appellate counsel. He then filed a more detailed application for a stay of these proceedings, which I denied because the claim he was now advancing in state court lacked merit. <u>Texidor v. Artus</u>, No. 06 Civ. 7173, 2007 WL 754645 (S.D.N.Y. March 14, 2007). Accordingly, only the petitioner's challenge to the <u>Allen</u> charge will now be addressed.

<u>Discussion</u>

A. <u>Cautionary Language</u>

1. <u>Procedural Bar</u>

Because the Appellate Division evaluated the merits of the objection Mr. Texidor's counsel made at trial, the argument that alluding to a retrial tainted the jury is preserved for habeas review. However, on appeal the petitioner raised a new argument, contending that the <u>Allen</u> charge failed to contain adequate language cautioning jurors not to abandon their conscientiously held beliefs. (Pet. App. Brief at 23-24). The Appellate Division declined to consider this argument, holding that since the petitioner's counsel failed to object at trial on this specific ground as required by statute, the argument was not preserved for appellate review. <u>Texidor</u>, 22 A.D.3d at 321, 801 N.Y.S.2d at 743. If the Appellate

6

Division's decision was made on an adequate and independent basis grounded in state law, federal review of that issue is procedurally barred. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Thus, the first issue to consider is whether the argument first raised on appeal is precluded.

Regardless of whether an independent state law ground is substantive or procedural, federal review is barred so long as the state law basis is "firmly established and regularly followed." Lee v. Kemna, 534 U.S. 362, 376 (2002) (quoting James v. Kentucky, 466 U.S. 341, 348 (1984)). Habeas review remains available only if the application of the state law rule is "exorbitant," id. at 376, or if cause and prejudice excusing the default is shown. Coleman, 501 U.S. at 750; Levine v. Commissioner of Correctional Services, 44 F.3d 121, 126 (2d Cir. 1995).

> a. Application of the Contemporaneous Objection Rule

In Mr. Texidor's case, it must be determined first, whether New York Criminal Procedure Law ("CPL") § 470.05(2), which requires a contemporaneous objection, is firmly established and regularly followed, and, second, whether the application of that rule was exorbitant.

In Garvey v. Duncan, 485 F.3d 709 (2d Cir. 2007), the Second Circuit held that CPL § 470.05(2) is firmly established and regularly followed. "New York's highest courts uniformly instruct that to preserve a particular issue for appeal, defendant must specifically focus on the alleged error." Id. at 714-15 (citing People v. Gray, 86 N.Y.2d 10, 19, 629 N.Y.S.2d 173, 175 (1995)).

The purpose of the contemporaneous objection rule is to facilitate the proper application of the law at trial.  Thus, "a defendant [must] specify the grounds of alleged error in sufficient detail so that the trial court may have a fair opportunity to rectify the error."  Id. at 715 (citing People v. McLane, 256 A.D.2d 10, 10-11, 682 N.Y.S.2d 24, 25 (1st Dep't 1998)).  Since CPL § 470.05(2) is firmly established and regularly followed, failure to object on a specific ground results in a procedural bar unless application of the state rule is exorbitant.

In Garvey, the Second Circuit identified three factors for evaluating the application of a state procedural bar in the context of the contemporaneous objection rule: (1) whether perfect compliance with the rule would have had an impact on the trial court's decision; (2) whether state case law indicates that compliance with the rule was required in the specific circumstances; and (3) whether the petitioner "substantially complied" with the rule given the "realities of the trial." 485 F.3d at 719-20 (quoting Lee, 534 U.S. at 381-85); see also Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003).

In Mr. Texidor's case, the Appellate Division's application of the procedural bar was reasonable. First, compliance with the contemporaneous objection rule would have had an impact on the trial.  Regardless of what the court's final determination might have been, Justice Goodman would have had a fair opportunity to consider whether to amend the Allen charge before the issue was raised on appeal. See Garvey, 2007 WL 134328, at *9.  Second,

8

established New York law requires a specific, contemporaneous objection for an argument to be preserved for appellate review.  See Gray, 86 N.Y.2d at 19, 629 N.Y.S.2d at 175.  Finally, in failing to object on a sufficiently specific basis, petitioner's counsel violated the substance of the rule, not merely its formal requirements.  As noted in Garvey, "[t]he basis of [CPL] § 470.05(2) is that the trial court must be given a fair opportunity to rule on an issue of law before it can be raised on appeal." 485 F.3d at 720.  Accordingly, in Mr. Texidor's case, application of the state rule was not exorbitant.  As in Garvey, the procedural bar constitutes an independent and adequate state ground for the Appellate Division's holding.  Id.

### b. Cause and Prejudice

A petitioner establishes cause when he shows that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986); accord Coleman, 501 U.S. at 753.  Some examples of cause for default include a showing that the factual or legal basis for a claim was not reasonably available, interference by officials that made compliance with the rule impracticable, or ineffective assistance of counsel.  See Murray, 477 U.S. at 488. Here, the only argument Mr. Texidor can raise is that his trial counsel was ineffective.

On appeal, Mr. Texidor did allege that his trial counsel was incompetent for failing to object to the lack of cautionary language in the Allen charge.  However, this argument is without merit.  The

9

Appellate Division declined to find the petitioner's trial counsel ineffective, Texidor, 22 A.D.3d at 321, 801 N.Y.S.2d at 743, and Mr. Texidor has not challenged that determination in this proceeding.

Even if cause for default could be shown, Mr. Texidor cannot establish that he suffered prejudice. A petitioner has suffered prejudice if the alleged error was to his "actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Therefore, "[i]f a claim is not meritorious, . . . no prejudice sufficient to overcome the procedural bar exists." Dorst v. Coombe, No. CV-95-2874, 1996 WL 733072, at *3 (E.D.N.Y. Dec. 11, 1996)(citing Cappiello v. Hoke, 698 F. Supp. 1042, 1052 (E.D.N.Y. 1988)). Since, as discussed below, the petitioner's claim that the trial court's Allen charge was coercive is without merit, he cannot establish that he suffered prejudice. Therefore, Mr. Texidor's argument that the Allen charge failed to contain adequate cautionary language is procedurally barred from federal habeas corpus review.

        2. Merits[3]

_____

[3] Prior to passage of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), factual findings made by a state court after an evidentiary hearing were presumed correct in a federal habeas proceeding, but federal courts were not required to defer to state court determinations of law or of mixed questions of law and fact. See Thompson v. Keohane, 516 U.S. 99, 107-12 (1995); Brown v. Artuz, 283 F.3d 492, 497 (2d Cir. 2002). Under the AEDPA, however, a writ of habeas corpus may not issue "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

        A decision is contrary to clearly established Federal law if it "contradicts the governing law" or "if the state court confronts a set of facts that are materially indistinguishable from a

Even if this claim were not procedurally defaulted, it fails on the merits.  The Second Circuit has noted that "when an <u>Allen</u> charge directs jurors to consider the views of other jurors, specific cautionary language reminding jurors not to abandon their own conscientious beliefs is generally required."  <u>Spears v. Greiner</u>, 459 F.3d 200, 205 (2006)(citing <u>United States v. Henry</u>, 325 F.3d 93, 107 (2d Cir. 2003), and <u>Smalls v. Batista</u>, 191 F.3d 272, 280 (2d Cir. 1999)).  In <u>Spears</u>, however, the Second Circuit explicitly held that the inclusion of specific cautionary language is not a "bright-line rule."  <u>Id.</u> at 206.  Rather, an <u>Allen</u> charge "must be evaluated 'in its context and under all the circumstances'" of each case, according to the Supreme Court's standard set forth in <u>Lowenfield v.</u>

---

decision of [the Supreme Court] and nevertheless arrives at a result different from" the Supreme Court.  <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000).  An unreasonable application of federal law is more than an incorrect application, but the petitioner need not show that all reasonable jurists would agree that a state court determination is incorrect in order for it to be unreasonable.  <u>Id.</u> at 409-12.  Instead, a federal court should review a state court's interpretation of federal law using a standard of objective reasonableness.  <u>Id.</u> at 409.  The "increment of incorrectness beyond error . . . need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence."  <u>Yung v. Walker</u>, 341 F.3d 104, 109-10 (2d Cir. 2003) (quoting <u>Francis S. v. Stone</u>, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted)).

The AEDPA standard applies to this case because Mr. Texidor filed his petition after the Act's effective date.  <u>See</u> <u>Brown</u>, 283 F.3d at 498 n.2.  Nevertheless, since each of the petitioner's claims fails under the less deferential pre-AEDPA standard, there is no need to conduct the AEDPA's more intricate analysis.  <u>Cf.</u> <u>Kruelski v. Connecticut Superior Court for the Judicial District of Danbury</u>, 316 F.3d 103, 106 (2d Cir. 2003) (suggesting, in post-AEDPA cases, that habeas courts assess first whether state court's ruling was erroneous under "correct interpretation" of the federal law at issue, then whether the ruling was unreasonable).

<u>Phelps</u>, 484 U.S. 231 (1987).  <u>Spears</u>, 459 F.3d at 206 (quoting <u>Lowenfield</u>, 484 U.S. at 237).

In <u>Lowenfield</u>, the Supreme Court evaluated the allegedly coercive language by examining it within the context of the supplemental charge as a whole.  The Court also identified several factors relevant to evaluating whether the <u>Allen</u> charge had any coercive effect:  the trial judge's final instructions to the jury before deliberations began, the defense attorney's failure to object to the supplemental instructions, and the amount of time that elapsed between the <u>Allen</u> charge and the completion of deliberations.  <u>Id.</u> at 234, 240-241.

Here, the <u>Lowenfield</u> factors lead to the conclusion that the <u>Allen</u> charge was not coercive. On the afternoon before giving the <u>Allen</u> charge, the court had specifically cautioned the jury: "You must discuss this case together you must compare views and reason but before you arrive at your ultimate verdict each and everyone of you must be satisfied in your mind, your own conscious [sic]." (Tr. at 807).  Additionally, the <u>Allen</u> charge did not improperly compel the jury to reach a verdict.  Rather, it contained such neutral and non-coercive language as "both parties are anxious that this case be resolved, <u>if possible</u>," and it urged the jurors to "do all that is <u>reasonably possible</u> to reach a verdict" because "we would not like to subject all the people to [another trial] <u>if possible</u>." (Tr. at 832-33) (emphasis added).  Such language, especially in the context of the previous afternoon's charge, "reasonably could have been deemed noncoercive by every juror and therefore nonprejudicial."

Spears, 459 F.3d at 206 (internal quotation marks omitted).

The surrounding circumstances further suggest that the trial court's Allen charge was not coercive.  As in Spears, Mr. Texidor's counsel failed to object to the lack of cautionary language, "a persuasive factor, much as it was in Lowenfield, in the finding that the charge was not improperly coercive."  Spears, 459 F.3d at 206. Finally, the subsequent length of jury deliberations and verdict also suggest that the Allen charge did not have a coercive effect on the jury:  the jury continued to deliberate for another two and one-half hours and acquitted Mr. Texidor on five of the eight charges against him. This is evidence that the charge "did not cause the jurors to surrender their opinions merely to reach a result."  Id. at 207 (internal quotation marks and citation omitted); cf. United States v. United States Gypsum Co., 438 U.S. 422, 462 (1978)("swift resolution of the issues in the face of positive prior indications of hopeless deadlock . . . gives rise to serious questions" of coercion).   Therefore, the claim that the Allen charge was unconstitutionally coercive because it lacked sufficient cautionary language is without merit.

B. Reference to Retrial

Finally, the petitioner contends that trial court improperly instructed the jury that "worse comes to worse, this case will be tried again and we would not like to subject all the people to that if possible."  (Tr. at 833).  However, the Second Circuit has repeatedly held virtually identical language contained in other modified Allen charges not to be coercive.  See United States v.

<u>Henry</u>, 325 F.3d 93, 107-08 (2d Cir. 2003)(holding that district court's reminder of time and effort expended by both parties and necessity of retrial not coercive); <u>United States v. Corcione</u>, 592 F.2d 111, 117 & n.5 (2d Cir. 1979)(finding that <u>Allen</u> charge's references to "considerable expense in money and human effort to the parties" and likelihood that case "will have to be tried again before another jury" does not constitute improper instruction); <u>Robinson v. United States</u>, 560 F.2d 507, 512 (2d Cir. 1977)(en banc) (holding that <u>Allen</u> charge emphasizing "great amount of time and effort" expended by parties and expectation of retrial is not coercive). Therefore, Mr. Texidor's argument that the trial court's reference to a retrial denied him of due process is wholly without merit.

<u>Conclusion</u>

_____ For the reasons set forth above, I recommend that the petitioner's application for a writ of habeas corpus be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72,6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of Court, with extra copies delivered to the chambers of the Honorable Richard J. Holwell, Room 1950, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          July 10, 2007

Copies mailed this date to:

Mitchell Texidor
02-A-4885
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13024-9000

Ashlyn Dannelly, Esq.
Thomas B. Litsky, Esq.
Assistant Attorneys General
120 Broadway
New York, New York 10271-0332